MILLICENT N. SANCHEZ (State Bar No. 108613)
Email: msanchez@swerdlowlaw.com
LORI M. YANKELEVITS (State Bar No. 156253)
Email: lyankelevits@swerdlowlaw.com
**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**
A Law Corporation
10877 Wilshire Blvd., Suite 1650
Los Angeles, California 90024
Telephone: (310) 288-3980
Facsimile: (310) 733-1727

Attorneys for Defendant, Badger Meter, Inc.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| RONALD WAYNE TOTEN,<br><br>Plaintiff,<br><br>vs.<br><br>HADRONEX, INC. d/b/a SMARTCOVER SYSTEMS; BADGER METER, INC.; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:26-cv-09280<br><br>*[Los Angeles County Superior Court Case No.: 26STCV20825]*<br><br>**DEFENDANT BADGER METER, INC.'S NOTICE OF REMOVAL**<br><br>**(28 U.S.C. SECTIONS 1332, 1367(a), 1441(a), and 1446(a))** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant, BADGER METER, INC. ("Defendant"), by and through its below-signed counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1367(a), and 1441(a), and

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

states the following grounds for removal:

**<u>The Pleadings</u>**

1. On June 30, 2026, Plaintiff, Ronald Wayne Toten, commenced this civil lawsuit by filing a Complaint in the Los Angeles County Superior Court captioned exactly as above and assigned Case No. 26STCV20825 and naming as defendants Hadronex, Inc. d/b/a SmartCover Systems ("Hadronex"), Badger Meter, Inc. ("Badger Meter"), and Does 1 through 10 ("Does 1-10") ("Complaint"). A true and correct copy of the Complaint (together with the Summons, Notice of Case Assignment and Notice of Case Management Conference, ADR Information Package, and Civil Cover Sheet) is attached as <u>Exhibit A</u> to the Declaration of Lori M. Yankelevits in Support of Defendant's Notice of Removal ("Yankelevits Decl.").

2. On July 22, 2026, Badger Meter, through its agent for service of process, received the documents contained in <u>Exhibit A</u> to the Yankelevits Decl. A true and correct copy of the July 22, 2026, Service of Process Receipt is attached as <u>Exhibit B</u> to the Yankelevits Declaration.

3. On August 19, 2026, Badger Meter filed its Answer and Affirmative Defenses in the action. A true and correct copy of the Answer in attached as <u>Exhibit C</u> to the Yankelevits Declaration.

4. As of the date of this Removal, Badger Meter is informed and believes that no other pleadings or papers have been filed in this action. Yankelevits Decl. ¶ 5.

5. Immediately following the filing of this Notice of Removal, Badger Meter will file with the Clerk for the Superior Court of California for the County of Los Angeles a Notice to State Court of Removal to Federal Court in this action. Yankelevits Decl. ¶ 6.

**<u>Timeliness of Removal</u>**

6. This Notice of Removal has been timely filed within 30 days of service of Badger Meter. Therefore, the requirement of 28 U.S.C. § 1446(b) requiring

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

removal within 30 days has been satisfied. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

7. In accordance with 28 U.S.C. Section 1446(d), Badger Meter is providing contemporaneous written notice of this Notice of Removal to Plaintiff and to the Clerk of the State Court.

8. As required by 28 U.S.C. Section 1441, Badger Meter seeks to remove this case to the United States District Court for the Central District of California, Western Division, which is the district embracing the place where the State Court Action has been filed.

**Removal Jurisdiction**

9. "Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action." Ramirez v. Little Caesars Enterprises, Inc., No. 2:18-CV-07993-AB-JPR, 2018 WL 5816107 at *2.

10. Defendant Badger Meter is the only defendant needed to file this removal. See Dechow v. Gilead Scis., Inc., 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) ("At the time of removal, only those defendants who have been properly joined and served need provide their consent." (citing Baiul v. NBC Sports, 732 F. App'x 529, 531 (9th Cir. 2018))). Badger Meter is informed and believes that the other named defendant, Hadronex, has not been served, and as such, Badger Meter is the only defendant needed to consent to this removal. Badger Meter is informed and believes that there has been no service of process upon DOES 1 - 10, which are fictitious defendants, and thus are to be disregarded for the purposes of this removal. 28 U.S.C. § 1441(a).

11. This action has not previously been removed to federal court.

12. Under 28 U.S.C. Section 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

$75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Id. While complete diversity between the plaintiff and each defendant is ordinarily required, "[a] non-diverse party may be disregarded for purposes of determining [jurisdiction] if the court determines that the party's joinder was 'fraudulent' or a 'sham.'" Id. (citing Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); and McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

13. In evaluating whether a local defendant has been fraudulently joined, "[t]he relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law." Ramirez, 2018 WL at *2 (citing Morris, 236 F.3d at 1067 and McCabe, 811 F.2d at 1339); see also McBroom v. Wal-Mart Stores, Inc., No. 215CV02648MCEEFB, 2016 WL 3549606, at *4 (E.D. Cal. June 30, 2016) (citing Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) and Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)).

14. In this case, the naming of Hadronex was made exclusively for the purpose of destroying diversity jurisdiction. Because Plaintiff has not and cannot state a claim against Hadronex (See Paragraphs 19-22, infra), the Court must disregard its citizenship status for purposes of diversity jurisdiction. See generally, McBroom, 2016 WL 3549606 (denying motion to remand where individual defendant had been fraudulently joined); Ramirez, 2018 WL 5816107 (same); Wexler v. Jensen Pharm., Inc., No. CV1503518ABAJWX, 2015 WL 6159101 (C.D. Cal. Oct. 20, 2015) (same).

**Diversity of Citizenship**

15. **Plaintiff's California Citizenship:** Plaintiff Ronald Wayne Toten ("Plaintiff") is a resident of California. See Declaration of Sheryl Hopkins ("Hopkins Decl.") at ¶ 3, filed concurrently herewith. As of August 18, 2026, Badger Meter is informed and believes that Plaintiff has resided and intends to

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

indefinitely remain living in California, and that his domicile presently is in California. Id. Based on information and belief from personnel records, Plaintiff at all relevant times has resided and continues to reside in Laguna Niguel, County of Orange, California. See Hopkins Decl. at ¶ 3, Exhs. A & B. Plaintiff's Complaint asserts Plaintiff is a resident of the State of California. See Yankelevits Decl. Exhibit A, Complaint ¶ 1. See, e.g., Mondragon v. Capital One Auto Finance, 736 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); Lew v. Moss, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address and a valid California drivers' license).

16. **Defendant Badger Meter's Citizenship**: Plaintiff's Complaint fails to make any assertion regarding the citizenship of Badger Meter. As shown on the


**BADGER METER, INC. (270179)**

Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 01/15/1953 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | WISCONSIN |
| *Entity Type* | Stock Corporation - Out of State - Stock |
| *Principal Address* | 4545 W. BROWN DEER RD MILWAUKEE, WI 53223 |
| *Mailing Address* | 4545 W. BROWN DEER RD MILWAUKEE,WI53223 |
| *Statement of Info Due Date* | 01/31/2027 |
| *Agent* | 1505 Corporation REGISTERED AGENT SOLUTIONS, INC |

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

California Secretary of State's Business Entity Search website, Badger Meter is a Delaware corporation with its corporate headquarters and principal place of business in Milwaukee, Wisconsin. See also Declaration of David Miller ("Miller Decl.")

17. Badger Meter's corporate headquarters are in Milwaukee, Wisconsin, from which Badger Meter's Officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. See Miller Decl. ¶3.

18. Thus, Badger Meter was not and is not a citizen of the State of California but, rather, was and is a citizen of the State of Wisconsin for the purpose of determining jurisdiction. See 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of every State and foreign state where it has been incorporated and of the State or foreign state where it has its principal place of business"); see also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (for the purposes of removal, the "nerve center" test applies, whereby a corporation is deemed to be a citizen of the State where the corporation's officers direct, control, and coordinate the corporation's activities); Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

19. Defendants "DOES 1 through 10" are fictitious defendants whose citizenship is disregarded for purposes of removal. See 28 U.S.C. § 1441(b)(1).

20. **Sham defendant Hadronex**: The citizenship of Hadronex must be disregarded for purposes of determining diversity jurisdiction because it is a sham defendant joined for the exclusive purpose of avoiding removal to this Court. As Defendant noted above, Plaintiff's Complaint names Hadronex, as a defendant. See Yankelevits Decl., Exh. A, p. 2 ¶ 2. Plaintiff alleges that Badger Meter acquired Hadronex and "at relevant times was Plaintiff's employer, joint employer, and/or successor in interest to Hadronex, Inc." See Yankelevits Decl. Exh. A, p2, ¶ 3. Badger Meter does not deny employing Plaintiff until it terminated his employment on July 25, 2025. See Hopkins Decl. Exh. ¶ 4.

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

21. Plaintiff alleges that Hadronex is a Delaware Corporation "authorized to operate in and operating in the State of California." Yankelevits Dec., Exh. A, p. 2, ¶ 2. However, Hadronex was merged into Badger Meter and ceased to exist as of December 31, 2025, at the latest, as evidenced by the State of Delaware Certificate of Merger of Domestic Corporation into Foreign Corporation. See Miller Decl. ¶ 4, Exh. A. Badger Meter, a Wisconsin Corporation, is the surviving entity. Hadronex, Inc. surrendered its right to transact business in the State of California. See Miller Decl. ¶ 5, Exh. B.

22. Plaintiff can assert claims only against Badger Meter in this action.

**Amount in Controversy**

23. Defendant denies any liability as to Plaintiff's claims. However, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. The amount in controversy calculations, as set forth below, assume for purposes of removal only that the allegations of Plaintiff's Complaint regarding her theories of liability are true but without any type of express or implied admission that any such liability in fact exists. See e.g., Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) ("[R]emovability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry").

24. The removal statute provides that a notice of removal must only "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As the Supreme Court held in Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014), "[t]o assert the amount in controversy adequately in the removal notice … [a] statement 'short and plain' ***need not contain evidentiary submissions***." (Emph. added). Rather, it "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. at 554. In so holding, the high court confirmed that district courts "should 'apply the

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

same liberal rules [to removal allegations] that are applied to other matters of pleading.'" Id. at 553 (cit. omitted). Thus, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Id. Here, Plaintiff's Complaint does not specify a particular amount of damages. To the extent anything beyond a plausible allegation standard may be found to apply, then at most, where a complaint is silent on the amount in controversy, the defendant need only prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. See Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398, 404 (9th Cir. 1996). To satisfy the preponderance of evidence test, a defendant must simply provide evidence that "it is more likely than not" that the amount in controversy is satisfied. Id. (emphasis added.) The preponderance standard is not a "daunting" standard. Muniz v. Pilot Travel Centers LLC, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); see also Valdez v. Allstate Ins. Co., 372 F. 3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

25. The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. See Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1155-56 (9th Cir. 1998); Goldberg v. CPC Int'l, Inc., 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The amount in controversy may also include emotional distress damages. Kroske v. U.S. Bank Corp., 432 F. 3d 976, 980 (9th Cir. 2005).

26. Badger Meter's independent analysis confirms that the amount in controversy exceeds $75,000.00. Plaintiff's Complaint alleges twelve (12) distinct causes of action including employment discrimination based on age and disability, harassment, retaliation, failure to prevent discrimination, failure to engage in the interactive process, failure to prevent or remedy discrimination, harassment or

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

retaliation, wrongful discharge, intentional infliction of emotional distress, defamation, breach of contract, breach of oral or implied contract, breach of implied covenant of good faith and fair dealing, and requests punitive damages. See generally, Yankelevits Decl., Exh. A. Plaintiff is seeking special and general damages that include, but are not limited to, lost earnings and damages for emotional distress, pre and post judgment interest, and past and future compensatory damages. Id. Additionally, Plaintiff seeks attorneys' fees and punitive damages. Id.

27. Lost Wages. Plaintiff is seeking to recover lost wages. Id. ¶¶ 43, 55, 63, 71, 81, 87, 92, 110, 116, 122, 127, and Prayer for Relief ¶ 1. In 2025, Plaintiff's final year of performing work for Badger Meter, his W-2 wages were $422,283.34. See Hopkins Decl. ¶ 5 and Exh. C. Plaintiff's last day of work at Badger Meter was July 25, 2025. See Hopkins Decl. ¶ 4. His weekly salary at the time of separation was $3750.00. See Hopkins Decl. ¶ 6, Exh. D.

28. For purposes of determining the value of Plaintiff's claim for lost wages only (i.e., without considering the potential value of other lost employment benefits, and exclusive of interest), Badger Meter reasonably estimates that this matter will conclude by September 2028, or within a conservative estimate of 25 months from its removal from the State Court.[1]

29. Thus, Plaintiff's claim for lost wages would span approximately 164 weeks – from July 25, 2025, (Plaintiff's admitted date of termination in Paragraphs 31 and 32 of the Complaint) through September 18, 2028 (25 months from the date of this Removal).

30. Based on Plaintiff's average weekly compensation, Plaintiff's lost wages over this 164-week period (July 25, 2025, through September 18, 2028) are

[1] See Table C-5 of the U.S. Courts Caseload Statistics 2025, available at URL ( https://www.uscourts.gov/sites/default/files/document/jb_t3_0930.2025.pdf (observing median time interval from filing to jury trial of civil cases in the Central District of California to be 29 months).

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

estimated to be $615,000 ($3750 x 164 weeks). This amount will exceed the $75,000 amount in controversy needed for removal.

31. Emotional Distress Damages. Plaintiff's Complaint also seeks to recover damages for emotional distress. See, e.g., Yankelevits Decl., Exh. A, Complaint at ¶¶ 34, 44-46, 55-56, 63, 64, 71, 72m, 81, 82, 87, 92, 93, 99, and 110. "In order to establish the amount of emotional distress … in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts." Rivera v. Costco Wholesale Corp., 2008 WL 2740399, *4 (N.D. Cal. July 11, 2008). California courts have recognized that emotional distress damages in successful employment cases "may be substantial." Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (emphasis added). Consistent with the foregoing, awards for emotional-distress damages in employment actions frequently exceed the $75,000.00 amount in controversy. See e.g., Lemke v. BCI Coca-Cola of Los Angeles, 2004 WL 5825304 (Cal. Super. Ct. Dec. 2004) ($135,000.00 emotional distress damages awarded in wrongful termination action); Anderson v. American Airlines, 2008 WL 4793279 (N.D. Cal. 2008) ($1 million emotional distress award in federal wrongful termination action); Grodzik v. California Conservation Corps., 2010 WL 3898722 (Cal. Super. Ct. June 2010) ($159,152.00 emotional distress award to plaintiff on retaliation claims). In Kroske, 432 F. 3d at 980, the Ninth Circuit held that the district court properly estimated $25,000.00 for emotional distress damages for purposes of satisfying the amount in controversy requirement where the plaintiff's wage loss was only $55,000.00. Accordingly, as in Kroske, Badger Meter conservatively estimates that the value of Plaintiff's purported emotional distress claims is approximately $25,000.00 for purposes of calculating the amount in controversy in this action.

32. Punitive Damages. Plaintiff's Complaint also seeks punitive and/or exemplary damages against Defendants. See Yankelevits Decl., Exh. A, Complaint at ¶¶ 47, 57, 65, 73, 83, 88, 94, 100, 111 and Prayer for Relief ¶ 3. The Ninth Circuit

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

has held that punitive damages should be considered by a district court when determining the amount in controversy where they are recoverable as a matter of law. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). District courts in California routinely find that there is "the potential for large punitive damage awards" in employment cases and, as such, without even considering other damages, the $75,000.00 amount in controversy is satisfied. See Simmons, supra, 209 F.Supp.2d at 1033; Chambers v. Penske Truck Leasing Corp., 2011 WL 1459155, *4 (E.D. Cal. Apr. 15, 2011 (denying remand and finding that amount in controversy was satisfied because "punitive damages awards in employment matters may be substantial"); Haase v. Aerodynamics Inc., 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (acknowledging million-dollar punitive damages awards and denying remand, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

33. In State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003), the Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Utilizing the median ratio of 3:1 that State Farm found to be "instructive," and basing any potential punitive damages award solely on Plaintiff's lost wages and emotional distress damages calculations, the punitive damages amount in controversy would be $1,920,000 [($615,000+ $25,000) x 3], which also exceeds the jurisdictional minimum of $75,000.00. See Paragraphs 27-31, above.

34. Attorneys' Fees. Plaintiff also seeks an award of attorneys' fees. See Yankelevits Decl., Exh. A, Complaint at ¶¶ 48, 58, 66, 74, 84, 89, 95, and 112 and Prayer for Relief ¶ 5. Although Badger Meter disputes that Plaintiff is entitled to any attorneys' fees in this action, where attorneys' fees are authorized by statute and expressly pleaded in the Complaint, they are appropriately part of the calculation of

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

the "amount in controversy" for purposes of removal. See Kroske, 432 F. 3d at 980; Galt, 142 F. 3d at 1155-56 (holding that claims for statutory attorneys' fees are to be considered in determining whether the requisite amount is met for diversity jurisdiction regardless of whether the award is discretionary or mandatory). Furthermore, the value placed on such fees is based on what would "necessarily accrue until the action is resolved." See Simmons, 209 F. Supp. 2d at 1034 (observing that the Ninth Circuit anticipated that district courts would consider post-removal attorneys' fees when determining the amount in controversy).

35. In this matter, Plaintiff seeks attorneys' fees under California Government Code Section 12965(b), which provides for the recovery of attorneys' fees, costs and expert-witness fees to a prevailing plaintiff in a civil action brought under the FEHA. See Cal. Gov't § 12965(b).

36. The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in similar employment law cases involving allegations of age disability discrimination, harassment, and retaliation should indicate that it is "more likely than not" that Plaintiff will be seeking attorneys' fees award of at least $150,000.00 if this case is litigated to judgment in a jury trial. See e.g., Crawford v. DirecTV Inc., 2010 WL 5383296 (Los Angeles Super. Ct. September 29, 2010) (awarding approximately $160,000.00 in attorneys' fees in wrongful termination/failure to accommodate action where the plaintiff's recovered damages were only $175,000.00); Campos v. Valley Family Health Ctr. Med. Group, Inc., 2007 WL 3275361 (Fresno Super. Ct. May 9, 2007) (awarding $117,165.00 in attorneys' fees to prevailing plaintiff in wrongful termination action). Based on these similar cases, Badger Meter reasonably estimates Plaintiff seeking attorneys' fees of at least $150,000.

37. In summary, the reasonably calculated amount in controversy in this action based on the information in the Complaint and the information presently known and available to Badger Meter is as follows:

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

| **DAMAGES** | **CALCULATION** | **AMOUNT** |
|---|---|---|
| Lost Wages (exclusive of benefits and interest) | 164 weeks of lost wages from July 25, 2025, to the estimated trial end date of September 18, 2028 | $615,000 |
| Emotional Distress Damages | Conservatively estimated per *Kroske*, 432 F.3d 976,980 (9th Cir. 2005) and jury verdicts in cases involving similar claims | $25,000 |
| Punitive Damages | 3:1 compensatory damages ratio per *State Farm* | $1,920,000 |
| Attorneys' Fees | Based on Court's prior litigation experience and fee awards in comparable cases. | $150,000 |
| **TOTAL** | | **$2,710,000** |

**Venue**

38. This action was filed in the Superior Court of California for the County of Los Angeles. Thus, removal venue properly lies in the United States District Court for the Central District of California, Western Division. See 28 U.S.C. §§ 84(c), 1391, 1441(a).

/ / /

/ / /

/ / /

WHEREFORE, Defendant Badger Meter requests that this action be brought to this Court, and that this Court exercise its jurisdiction in the premises.

DATED: August 20, 2026

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
A Law Corporation

By: ______________________________
MILLICENT N. SANCHEZ
LORI M. YANKELEVITS
Attorneys for Defendant, Badger Meter, Inc.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727