MILLICENT N. SANCHEZ (State Bar No. 108613)
Email: msanchez@swerdlowlaw.com
LORI M. YANKELEVITS (State Bar No. 156253)
Email: lyankelevits@swerdlowlaw.com
**SWERDLOW FLORENCE**
**SANCHEZ SWERDLOW & WIMMER**
A Law Corporation
10877 Wilshire Blvd., Suite 1650
Los Angeles, California 90024
Telephone: (310) 288-3980
Facsimile: (310) 733-1727

Attorneys for Defendant, Badger Meter, Inc.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| RONALD WAYNE TOTEN,<br><br>Plaintiff,<br><br>vs.<br><br>HADRONEX, INC. d/b/a SMARTCOVER SYSTEMS; BADGER METER, INC.; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:26-cv-09280-SRM-DMK<br><br>*Assigned to Hon. Serena R. Murillo*<br><br>**DECLARATION OF LAURIE A. PETERSEN IN SUPPORT OF BADGER METER, INC.'S MOTION TO COMPEL ARBITRATION** |

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

**DECLARATION OF LAURIE A. PETERSEN**

I, Laurie A. Petersen, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Wisconsin. I am an attorney at Lindner & Marsack, S.C. and have represented Defendant Badger Meter, Inc. ("Badger Meter") for over thirty (30) years. All of the information contained herein is based on my personal knowledge unless otherwise indicated, and, if called as a witness, I could and would competently testify thereto. This declaration is submitted in support of Badger Meter's Motion to Compel Arbitration.

2. I am informed and believe that on April 22, 2026, David Miller, Badger Meter Director – legal counsel ("Miller") sent a shared file link to Mr. Javanmardi, counsel for Plaintiff, Ronald Wayne Toten ("Plaintiff" or "Mr. Toten"), with Mr. Toten's personnel records as requested by Mr. Javanmardi.

3. On May 6, 2026, Mr. Javanmardi emailed Mr. Miller and informed him that he could not open the shared file link. I was copied on this email. Attached hereto as Exhibit A is a true and correct copy of an email chain that includes Mr. Javanmardi's May 6, 2026, email to Mr. Miller on which I was copied, and which also includes Mr. Miller's April 22, 2026, email to Mr. Javanmardi.

4. On May 7, 2026, prior to Plaintiff filing his Complaint in this action on June 30, 2026, I instructed my legal assistant, Mary Gemeinhardt, to forward a shared file link to Plaintiff's counsel, Peter Javanmardi, with other Plaintiff's counsel, Marc Holmquist and Miranda Mossavar, copied, since they said they could not access the documents sent previously by Mr. Miller. Exhibit A to this Declaration includes Ms. Gemeinhardt's email to Plaintiff's counsel, on which I was copied.

5. Included in the documents in the shared file folder marked "personnel" that was sent to Plaintiff's counsel on May 7, 2026, was the Arbitration Agreement

SANCHEZ SWERDLOW SWERDLOW & WIMMER, A LAW CORPORATION
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

("Agreement"). The Arbitration Agreement is the subject of Badger Meter's Motion to Compel Arbitration. Attached hereto as Exhibit B is a true and correct copy of the Agreement from the personnel folder in the shared file link my office sent to Plaintiff's counsel.

6. In a May 26, 2026, email to Plaintiff's counsel, I specifically informed Mr. Javanmardi that Plaintiff signed an arbitration agreement. Attached hereto as Exhibit C is a true and correct copy of my May 26, 2026, email I sent to Plaintiff's counsel.

7. After Plaintiff served his Complaint on Badger Meter on July 22, 2026, I emailed Plaintiff's counsel on July 23, 2026, and again provided a copy of the Agreement. I asked counsel if Plaintiff would agree to submit his claims to arbitration and if he would agree to a time to discuss the matter. A true and correct copy of my July 29, 2026, email and the attached Agreement is attached hereto as Exhibit D.

8. On July 29, 2026, after not receiving a response from Plaintiff's counsel regarding whether Plaintiff would arbitrate his claims, I sent a follow-up email to Plaintiff's counsel asking for a response to my July 23 email and offering to discuss arbitration with Plaintiff's counsel. A true and correct copy of my July 29, 2026, email to Plaintiff's counsel is attached hereto as Exhibit E.

9. In response to my July 29, 2026, follow-up email, Mr. Javanmardi responded by email, stating: "We don't believe the arbitration agreement is enforceable and believe the case should remain in Superior Court. If Defendants are adamant on arbitration then please just get the motion on file so we can get the case moving." Attached hereto as Exhibit F is a true and correct copy of the July 29, 2026, email Mr. Javanmardi sent to me.

10. Even though Plaintiff definitively declined to agree to arbitration, I continued to seek further discussion with counsel about arbitration.

11. On July 29, 2026, I responded to Mr. Javanmardi's July 29, 2026,

SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
SWERDLOW FLORENCE
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

email and informed Plaintiff's counsel that a different California court had deemed the Agreement enforceable and asking counsel to meet and confer further before Badger Meter filed its motion to compel arbitration. Attached hereto as Exhibit G is a true and correct copy of my July 29, 2026, email to Plaintiff's counsel.

12. On July 31, 2026, Mr. Javanmardi exchanged several emails in which I offered to meet and confer on whether Plaintiff would agree to arbitrate and Plaintiff continued his refusal to arbitrate. Attached hereto as Exhibit H is a true and correct copy of my email exchange with Mr. Javanmardi on July 31, 2026.

13. On August 5, 2026, I sent Plaintiff counsel a decision from a matter in San Diego Superior Court granting Badger Meter's Motion to Compel Arbitration involving the same Agreement, albeit for a different employee. I reiterated Badger Meter's hope that the parties could agree to arbitration. Attached hereto as Exhibit I is a true and correct copy of my August 5, 2026, email I sent to Plaintiff's counsel and the attached Superior Court Order.

14. On August 19, 2026, having heard nothing further from Plaintiff's counsel, I sent them an email acknowledging Mr. Javanmardi's previous email communications regarding arbitration, but requesting a time to meet and confer by telephone or video. Attached hereto as Exhibit J is a true and correct copy of my August 19, 2026, email to Plaintiff's counsel.

15. On August 20, 2026, I sent a follow-up email to Plaintiff's counsel again requesting to meet and confer. Attached hereto as Exhibit K is a true and correct copy of my August 20, 2026, email to Plaintiff's counsel.

16. I followed up my August 20, 2026, email with a phone call to Mr. Javanmardi. I left a voicemail message for Mr. Javanmardi reiterating my desire to meet and confer regarding arbitration.

17. As of the date of this Declaration, Plaintiff's counsel have not responded to my August 19 and 20, 2026, requests to meet and confer by telephone or video.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER, A LAW CORPORATION
10877 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CALIFORNIA 90024
TEL (310) 288-3980 • FAX (310) 733-1727

Executed this 2nd day of September 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the States of Wisconsin and California, and the United States of America that the foregoing is true and correct.

Laurie A. Petersen