# EXHIBIT I

**From:** Petersen, Laurie
**Sent:** Wednesday, August 5, 2026 3:04 PM
**To:** 'Peter Javanmardi'
**Cc:** Marc Holmquist; Miranda Mossavar; David Harris
**Subject:** RE: Ronald Toten v. Badger Meter, Inc., et al. - REPRESENTATION LETTER, REQUEST FOR RECORDS, SETTLEMENT DISCUSSIONS [L-M-LMDOCS.892500.063]
**Attachments:** 171. Minute Order SD (JO Signature) (7833355.1).pdf

Hi Peter,

Sorry for the delay. In response to your question(s) below, I mentioned one state court matter of which I am aware that the Court granted the motion to compel on this agreement. I am attaching a copy of that Order here.

As for your broader question of all the Orders, I do not have those nor am I at this time going to make inquiries to identify any others.

We do not believe the agreement is overbroad as to scope and time but understand that is your position.

Unless we hear otherwise, we will proceed with compelling arbitration. It is our hope that you can agree to arbitration in the best interests of all concerned and expediting this matter.

Laurie A. Petersen
Attorney
411 E. Wisconsin Ave., Suite 1800
Milwaukee, WI 53202-4498
Direct: (414) 226-4804
Mobile: (414) 630-4803
Fax: (414) 273-0522

LINDNER & MARSACK
ATTORNEYS AT LAW

www.lindner-marsack.com

BEST LAW FIRMS RANKED BY Best Lawyers UNITED STATES 2026

worklaw® network. Management Labor and Employment Law Firms

A Worklaw®Network member. www.worklaw.com

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 05/29/2026 TIME: 9:00 AM DEPT: 2102

JUDICIAL OFFICER: TODD F. STEVENS
CLERK: Justin Jones
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **25CL039377C** CASE INIT.DATE: 07/25/2025
CASE TITLE: **Salinas vs Badger Meter Inc**
CASE CATEGORY: Civil CASE TYPE: (L)Breach-Contract/Warranty:Breach of Contract (<$10,000)

---

**HEARING TYPE**: Motion Hearing
MOVING PARTY:

---

**APPEARANCES**

LORI YANKELEVITF, attorney for Badger Meter Inc, Defendant and Petitioner, present via remote audio appearance.
SALLY PEIFER, attorney for Badger Meter Inc, Defendant and Petitioner, present via remote audio appearance.

---

Defendant submit(s) on the Court's tentative ruling.

The Court confirms the tentative ruling as follows:

***Salinas v. Badger Meter, Inc. (25CL039377C)- Defendant's Petition to Compel Arbitration and Stay Action***

The Petition to Compel Arbitration and Stay Action filed by Defendants Badger Meter, Inc., Hadronex, Inc. dba SmartCover Systems, Corey Williams, William Bergum, Daniel Weltzien and Sheryl Hopkins is **GRANTED**.

**Preface**

Defendants Badger Meter, Inc., Hadronex, Inc. dba SmartCover Systems, Corey Williams, William Bergum, Daniel Weltzien and Sheryl Hopkins filed a Petition to Compel Arbitration and Stay Action on February 27, 2026 (the "Petition"). (ROA 149.)

Plaintiff Jacob Salinas ("Plaintiff") filed an opposition to the Petition only as to Badger Meter, Inc. on March 12, 2026. (ROA 148.) Therefore, the Petition is granted as to Hadronex, Inc. dba SmartCover Systems, Corey Williams, William Bergum, Daniel Weltzien and Sheryl Hopkins.

**Introduction**

Defendant Badger Meter, Inc. ("Defendant") moves this Court to compel arbitration of the claims asserted in Plaintiff's Second Amended Complaint ("SAC") (ROA 102.)

Both Plaintiff and Defendant agree that the former employment relationship between the parties was subject to an arbitration agreement which provides, *inter alia:*

> The employee identified below ("Employee"), on the one hand, and Worksite Employer, HADRONEX.INC ("Company"), and G&A Partners ("PEO" or "G&A Partners"), on the other hand, agree to utilize binding arbitration as the sole and exclusive means to resolve all covered disputes that may arise by and between Employee and the Company and/or Employee and PEO, including but not limited to disputes regarding the application and selection process, the employment relationship, termination of employment, and compensation.

(the "Arbitration Agreement").

An employment related dispute arose between Plaintiff and Defendant, which was resolved by the execution of a Confidential Severance and Release Agreement ("Severance Agreement") executed by Plaintiff on December 26, 2024. The Severance Agreement does not contain an arbitration provision.

Plaintiff contends the SAC is not subject to arbitration because: (1) the Severance Agreement supersedes the Arbitration Agreement, (2) Defendant waived its right to compel arbitration, and (3) the claims in the SAC arise from post-Severance Agreement conduct and therefore are not subject to arbitration.

Defendant disputes these arguments, contending that the FAC is subject to arbitration. Defendant also argues that the Arbitration Agreement contains a delegation clause requiring the question of arbitrability be determined by the arbitrator and not adjudicated by the Court.

**Ruling**

On the threshold issue of whether the Petition should be determined by the Court or decided by the arbitrator, the Court finds that the Arbitration Agreement does not contain a clear and unmistakable delegation clause that would deprive this Court of the ability to determine the question of arbitrability. While the Arbitration Agreement is to be broadly construed, there is no language mandating questions of arbitrability or jurisdiction be the exclusive province of the arbitrator. Absent such clear and unmistakable language, gateway questions are left to the courts to decide. *Pinela v. Neiman Marcus Group, Inc.* (2015) 238 Cal. App. 4th 227, 239.

The Court finds that the Severance Agreement does not supersede the Arbitration Agreement. In *Oxford Preparatory Academy v. Edlighten Learning Solutions*, (2019) 34 Cal.App.5th 605 and *Jenks v. DLA Piper Rudnick Gray Cary US LLP (2015)* 243 Cal.App.4th 1, the courts found that the subject matter of the superseding agreement must encompass the subject matter of the earlier agreement.

The *Oxford Preparatory Academy* court held that a termination agreement did not supersede an arbitration clause in an underlying management services agreement where the termination agreement was "silent on dispute resolution," as arbitration was simply not part of the "subject matter" of the termination agreement. *Id.* at 612.

Similarly, the *Jenks* decision found that a termination agreement's integration clause that was "explicitly limited to 'the subject matter hereof'" — the terms of the attorney's resignation — did not supersede an arbitration clause in an earlier offer letter, because the termination agreement contained no provisions regarding dispute resolution. *Id*. at 15.

In the present case, the Severance Agreement is silent with respect to a dispute resolution mechanism. Therefore, the Court finds that the Severance Agreement does not supersede the Arbitration Agreement.

The Court also finds that Defendant did not waive its right to initiate the Petition. A waiver occurs when conduct is "so inconsistent with the exercise of the right to arbitration as to constitute an abandonment of that right." *Mendoza v. Trans Valley Transport (2022) 75 Cal.App.5th 748, 770.*https://1.next.westlaw.com/Document/I63fb843099b911ecb7ceee74f6b36648/View/FullText.html?transitionType=AIGuidedResearch&contextData=%28sc.Default%29&list=All&listSource=WebsiteInternal&conversationId=b09a77f0-5c46-430b-aa5f-f01a7e2f7254&conversationEntryId=c11223ac-c9fa-49aa-9043-a8fc9d9b2a66

Courts consider six discretionary factors: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether litigation machinery has been substantially invoked and parties were well into lawsuit preparation before seeking arbitration; (3) whether the party requested arbitration close to trial or delayed for a long period; (4) whether defendant filed counterclaims without seeking a stay; (5) whether important intervening steps like judicial discovery occurred; and (6) whether delay affected, misled, or prejudiced the opposing

party. *Semprini v. Wedbush Securities Inc. (2024) 101 Cal.App.5th 518, 526*https://1.next.westlaw.com/Document/I9f720c50fddf11eeaff1a507627d8477/View/FullText.html?transitionType=AIGuidedResearch&contextData=%28sc.Default%29&list=All&listSource=WebsiteInternal&conversationId=b09a77f0-5c46-430b-aa5f-f01a7e2f7254&conversationEntryId=c11223ac-c9fa-49aa-9043-a8fc9d9b2a66.

Defendant promptly moved to compel arbitration. Defendant has not engaged in any litigation activities inconsistent with preserving the right to compel arbitration.

Finally, whether acts alleged in the SAC occurred post-Severance Agreement execution is irrelevant to the determination of the propriety of compelling arbitration. The Severance Agreement includes a term waiving the applicability of *Civil Code §1542*. (Severance Agreement, pg. 2.) The Arbitration Agreement governs "past, present, or future" claims. (Arbitration Agreement, pg. 1.)

The Petition is granted, the litigation is stayed and Plaintiff is compelled to arbitrate the SAC.

**Conclusion**

**The Court sets a post-arbitration hearing on February 17, 2027 at 10:00 a.m.**

This Minute Order shall be the order of the Court. Defendant to give notice.

IT IS SO ORDERED.

Todd F. Stevens

Judge Todd F. Stevens